Christian F. Pereira, SBN 251599
Ian Cuthbertson, SBN 325591
**PEREIRA LAW**
249 E. Ocean Blvd., Suite 814
Long Beach, CA 90802
T: (714)482-6301 F: (714)482-6302

Attorneys for Plaintiff
Oscar Granados

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR GRANADOS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THE GEO GROUP, Inc., CITY OF GARDEN GROVE ROXANNE MENDOZA, ANNA ALCAREZ; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS DEPRIVATIONS UNDER 42 U.S.C. § 1983** <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This case arises under 42 U.S.C. § 1983, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction in this Honorable Court is conferred by 28 U.S.C. §§ 1331, 1332 and 1343.

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as the underlying acts, omissions, events, injuries and related facts upon which the present action are based, occurred in the County of Orange, State of California.

## PARTIES

3. The Plaintiff Oscar Granados is a natural person who, at all times relevant to this lawsuit, was a resident of the County of Orange, State of California.

4. The Defendant THE GEO GROUP is a business organization of an unknown form. In this case GEO operated, as an agent or joint-enterprise, a jail for co-defendant CITY located in the City of Garden Grove and was serving a public function.

5. The Defendant City of Garden Grove is a public entity, or municipal corporation, duly organized and existing under and by virtue of the laws of the State of California. In this case the CITY acted through agents, employees, and servants, including their policymakers and in a joint-enterprise with co-defendant The GEO Group, Inc.

6. The Defendant Anna Alcarez is a natural person who resides in Fontana, California.

7. The Defendant Roxanne Mendoza is a natural person who resides in Duncan, Arizona.

8. At all times, Defendants CITY and GEO, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices effecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the Garden Grove Police Department ("GGPD") and of GEO, including those individuals charged with protecting the health and safety of detainees, arrestees and people in custody at detention facilities such as the Garden Grove Jail, including the plaintiff Oscar Granados, and to assure that said actions, policies, rules regulations, practices and procedures of CITY and GEO and the respective employees and agents of CITY and GEO comply with the laws and constitutions of the State of California.

9. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein Defendants CITY and GEO possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of detention facilities, including the Garden Grove Jail, and concerning the means by which the life and safety of arrestees, detainees and those in their custody like the Plaintiff were to be secured, what criteria were to be used for placing people in their custody together, what methods of placement of people in their custody in a jail cell were appropriate to safeguard the life and safely of them, the manner in which threats to the life and safety of those in custody were to be evaluated and acted

upon, what safeguards were to be in place to prevent inmates, arrestees, detainees or those in their custody who posed a threat to others in the facility from being permitted physical access to those others, what actions were to be taken when a person is attacked or injured while in custody within a CITY or GEO detention facility, and what methods of surveillance were to be used within each detention facility to insure immediate response to and prevention of incidents of violence occurring within the jail and jail cells.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed, believes and alleges, that each of the fictitiously named defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

11. The reason why plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES, inclusive, is that same have been unascertainable as of the date of filing of this complaint, as many of these DOES may be GGPD officers, sergeants, captains, lieutenants, commanders, and/or civilian employees, agents, policy makers and representatives of the Garden Grove Police Department, or employees, agents and representatives of defendant GEO and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

12. Upon information and belief, there are two categories of DOES who may be representatives of either GGPD or GEO who were liable to Plaintiff for adhering to proper policies and procedures related to Plaintiff's arrest, transportation, receiving, evaluation, assessment, supervision, and housing during the relevant time period herein. Initially, DOES who are either representatives of GGPD and/or GEO arrested and transported Plaintiff to the Garden Grove City Jail. DOES who are either representatives

COMPLAINT FOR DAMAGES
3

of GGPD and/or GEO then assessed, evaluated, and housed Plaintiff within the Garden Grove City Jail. All DOES who are either representatives of GGPD and/or GEO failed to adhere to proper policies and procedures related to Plaintiff's arrest, transportation, receiving, evaluation, assessment, supervisions, and housing such that he sustained substantial injuries while within all DOES' control and during the scope of their agency, service or employment with their respective employer, GEO, CITY or other DOE during the commission or omission of their duties.

13. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and joint venturers of each other and of their co-Defendants, and were acting within the course and scope of their employment, agency or joint venture, and that all acts, conduct or omissions were subsequently ratified by the respective principals and the benefits thereof accepted by said principals.

14. Plaintiff is informed and believes and thereon alleges that each of the Defendant DOES were acting within the course and scope of their agency, service or employment with their respective employer, GEO, CITY or other DOE during the commission or omission of their duties.

**FACTS**

3. On or around March 10, 2018, Plaintiff was detained and taken into custody in the City of Garden Grove by Garden Grove Police Department (GGPD) officers after they observed Plaintiff exhibiting symptoms of intoxication and determined he was unable to care for himself. They took Plaintiff into their custody and transported him to the Garden Grove City Jail that is operated by the Defendant The GEO Group, Inc. Defendant GEO was responsible for the operation of the Garden Grove City Jail, including the safety and security of those detained within the jail and GGPD maintained oversight of the jail and GEO.

4. The GGPD intended to release the Plaintiff and did not take him to the jail for the purpose of booking him. Plaintiff was, at times, unconscious and not able to care for

himself. During the car-ride to the jail, for example, video evidence shows the Plaintiff entering and exiting consciousness.

5. Upon arrival at the jail, the Plaintiff is greeted by Defendant The GEO Group, Inc. employees, Defendants ALCAREZ and MENDOZA who were then tasked with evaluating the Plaintiff and placing him in the appropriate housing within the jail. During this evaluation process, Plaintiff is informed and believes that the GGPD officer who transported the Plaintiff there explained the Plaintiff's condition during the car-ride. In addition, video-evidence from within the jail shows the Plaintiff falling to the ground, unable to walk or stand unassisted and struggling to follow direction during his interview with ALCAREZ and MENDOZA.

6. Prior to Plaintiff's arrival at the jail, Nikolas Robert Poole ("POOLE") was detained and incarcerated in the jail earlier that day and was placed in the cell where the Plaintiff eventually would be placed. POOL exhibited uncooperative and aggressive behavior when he was arrested, attempted to flee—requiring three police officers to detain him---and continued the aggression at the jail.

7. Defendants ALCAREZ and MENDOZA, other GEO employees or GGPD employees, and/or unidentified DOE Defendants were aware of POOLE'S long and violent criminal history including convictions for assault (Case No. 15CM11555) and battery (Case Nos. 15WF1286 and 15CM11555), including assault/battery on a peace officer, as this information is stored within the GGPD database that both the GGPD officers and GEO detention officers such as ALACAREZ and MENDOZA access when checking a detainee into the jail. POOLE is also a bi-polar schizophrenic drug user who, when arrested that day, had drugs in his possession both for his psychological needs and for recreational purposes.

8. Despite POOLE's violent history, psychological make-up and agressione exhibited that day, coupled with the Plaintiff's inability to care for himself, the cell where Plaintiff was placed lacked proper monitoring by persons, audio or video equipment.  Defendants

ALCAREZ, MENDOZA or GGPD employees, and/or unidentified DOE Defendants did not monitor the interior of the cell during the time Plaintiff was there.

9. At the time POOLE was taken to jail and continuing when the Plaintiff was taken to jail, the jail had sufficient accommodations to house each detainee in segregation, but Defendants ALACAREZ and MENDOZA put POOLE and the Plaintiff together.

10. Upon the Plaintiff's placement into the jail cell with POOL, POOLE immediately intimidated, punched, pushed, and taunted the Plaintiff for nearly twenty minutes before he eventually launched a severe side kick to the Plaintiff's head that caused it to careen into the cement cell block wall. The Plaintiff then fell to the ground, POOLE followed through with kick after kick to the Plaintiff's head. Neither GGPD or GEO employees or agents intervened until after the Plaintiff had received such brutal blows to the head to render him completely unconscious with a severe brain injury.

11. The Plaintiff was then hospitalized for several weeks at UCI medical center where he was in a coma. When he regained consciousness, he had difficulty with executive and cognitive functions including speaking and walking. Upon release from the hospital he was diagnosed, among other things, with:

   a. Principal Traumatic subarachnoid hemorrhage with loss of consciousness of unspecified duration;
   b. Acute respiratory failure with hypoxia;
   c. Traumatic hemorrhage of cerebrum, unspecified; with loss of consciousness of unspecified duration, initial encounter;
   d. Convulsions;
   e. Diffuse traumatic brain injury with loss of consciousness of unspecified duration, initial encounter;
   f. Traumatic brain injury with loss of consciousness of 31 minutes to 59 minutes. Initial encounter;
   g. Glasgow coma score 3-8 at arrival to emergency department;
   h. Contusion of eyeball and orbital tissues, left eye, initial encounter;

      i. Vascular dementia without behavioral disturbance;

      j. Other soft tissue disorders.

12. GGPD officers and civilian personnel and GEO employees failed to appropriately segregate and care for the Plaintiff, monitor the Plaintiff and POOLE while they were in an enclosed cell, failed to maintain audio or visual surveillance on those detainees, failed to immediately and appropriately respond to POOLE's initial acts of aggression, intimidation and physical contact with the Plaintiff that eventually allowed the brutal attack described above.

13. Defendants CITY and GEO maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

    a. Subjecting persons in their jails to violence perpetrated by other detainees, arrestees or inmates;

    b. Selecting, retaining and assigning officers, civilian personnel and civilian volunteers to their jails who exhibit disregard for the safety, security and constitutional and statutory rights of detainees, arrestees, inmates and others in their custody within their jails;

    c. Failed to take adequate security measures to protect detainees, arrestees, inmates and those in their custody from unnecessary harm, including but not limited to, the following: Separation of persons from potentially violent or dangerous inmates; use of security cameras or audio monitoring to monitor violence within jail cells; training officers, civilian personnel and civilian volunteers to monitor detainees and inmates and immediately respond to acts of violence, or threats of violence; monitoring drunken individuals in their custody who are unable to care for themselves; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

    d. Failing to adequately train, supervise, and control officers, civilian employees or volunteers in the arts of proper jail practices;

COMPLAINT FOR DAMAGES
7

    e. Failing to adequately discipline officers or civilian employees involved in misconduct; and

    f. Condoning and encouraging officers and civilian employees in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

14. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants CITY and GEO ordered, authorized, acquiesced in, tolerated, or permitted other defendants, unidentified DOEs, herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

15. Defendant GEO was long aware of the propensity of its employees to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. The following incidents illustrate a pattern of constitutional violations based either on a deliberate plan by Defendant GEO or on Defendant GEO's deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and individuals similarly situated:

    a. On or about 2011, Decedent was beaten by two inmates while officers and wardens stood by, smirked and laughed.

    b. On or about 2007, a female inmate had complained to wardens and officers that she had been raped and assaulted by male inmates housed in the same cell block. Her complaints were ignored, and she continued to be raped and assaulted until she committed suicide.

   c. On or about 2005, GEO guards placed a prisoner with a cellmate whom they knew had history of violence and had previously talked about killing his cellmate. The prisoner was strangled death.

   d. On or about 2011, a prisoner complained that he was being housed in the same unit as several gang members who he believed posed a threat to his safety due to a previous attack on him by these same gang members. The previous attack was recorded on video and audio surveillance footage, making GEO guards aware of these gang members' violent propensities towards this prisoner.

   e. In 2013, Joel Duran died while at the Garden Grove jail for failure of the GEO staff to properly follow jail guidelines.

   f. On or about 2015, GEO guards allowed rival gang members to be housed in a unit with access to the prisoner's unit though GEO guards knew how violent this housing unit can become and only posted two officers. The prisoner was stabbed multiple times causing serious injuries.

   g. On or about 2018, a prisoner expressed concerns when gang members had access to his dorm. He told GEO guards and wardens that he feared for his life and safety. Plaintiff was assaulted and battered, causing seizure and serious head trauma.

   h. On or about 2018, GEO guards failed to adhere to their policy of closing pod doors and restricting access without guards present to allow prisoners in and out. The prisoner was attacked in the shower by a rival gang member when the door allowing access to the showers had been left open without guard supervision.

   i. Under prison policies, when an instructor leaves a classroom, a guard must watch the class in his absence. The prisoner was attacked by a violent inmate while the instructor left the classroom with no guard to relieve him.

   j. On or about 2008, GEO guards knew of the violent propensity of an inmate against the prisoner. This inmate gained access to a recreational room where the prisoner was in. The prisoner was stabbed the inmate.

    k. GEO guards failed adhere to policies requiring supervision of the prisoner's cell. The prisoner was attacked by two fellow inmates who gained access to the prisoner's cell.

16. The brutal attack being suffered by Plaintiff was perpetrated by POOLE, a co-cellmate in the jail acting while in custody of defendants CITY, GEO, and unidentified DOES, and the brutal attack occurred because of the deliberate indifference, gross negligence or reckless disregard of defendants to the safety and security of Plaintiff.

17. Defendants CITY, GEO, and unidentified DOES recklessly and with deliberate indifference failed to appropriately monitor cellmates in an enclosed cell, failed to maintain audio or visual surveillance on these cellmates, failed to respond to POOLE'S altercation against Plaintiff before it erupted in Plaintiff's brutal attack, and allowed the attack to continue, causing Plaintiff to suffer numerous injuries.

18. Defendants CITY, GEO, and unidentified DOES intentionally, recklessly and with deliberate indifference, failed to take immediate action to summon medical care for Plaintiff, despite the fact they knew or should have known he was in need of medical care when Plaintiff was placed in the cell.

## FIRST CAUSE OF ACTION
## FOR MONETARY RELIEF UNDER 42 U.S.C. § 1983
### (AS TO DEFENDANT ALCAREZ and MENDOZA DOES 1-10, inclusive)

19. Plaintiff realleges and incorporates by reference the allegations in paragraphs above as though fully set forth herein.

20. The individual and doe defendants, while acting under color of law, deprived Plaintiff of his civil rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution when they acted with deliberate indifferent toward Plaintiff's right to be free from an inmate attack by:

    a. Placing Plaintiff, whom they knew was too intoxicated unable to care for himself and was unconscious at times in the cell with POOLE, whom defendants knew had a long and violent criminal history including convictions for assault, battery

and battery on a peace officer and who had acted violently and aggressively that day;
   b. Knowing that they were not supposed to house POOLE and the Plaintiff together, but should have, instead, segregated each of them and where there were sufficient cells to segregate each of them.
   c. Utilized a cell that did not have the necessary audio and video monitoring equipment necessary to ensure the protection of the Plaintiff;
   d. Did not properly monitor the cell where Plaintiff was housed for over 20 minutes, allowing POOLE to intimidate, touch, push, punch and yell at the Plaintiff before finally kicking his head multiple times, all when they knew they should monitor the Plaintiff;

21. Defendants ALCAREZ and MENDOZA with deliberate indifference, failed to take any security measures to protect arrestees, who present a danger to themselves and others, from violent assault and battery.

22. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

23. As a direct and proximate result of the deliberately indifferent and wrongful conduct of defendants herein, plaintiff has suffered and continues to suffer injury, damage and loss including, but not limited to:
   a. Severe emotional distress;
   b. Impairment of earning capacity;
   c. Medical expenses, past and future;
   d. Pain and suffering;
   e. Brain damage; and

  f. Loss of enjoyment of life,

resulting in Plaintiff's economic and non-economic damage in amounts to be proven at the time of trial.

24. The wrongful acts of the individually named defendants and doe defendants, were willful, oppressive, and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

## SECOND CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS/MONELL – 42 U.S.C. § 1983
## (AGAINST DEFENDANTS GEO and CITY)

25. Plaintiff realleges and incorporates by reference the allegations in paragraphs above as though fully set forth herein.

26. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants GEO and CITY, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiffs, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

  a. Failing to adequately train, supervise, and control custodians of jail cellmates in the proper recognition of dangerous cellmates and violent situations.

  b. Failing to adequately train, supervise, and instruct custodians of jail cellmates in properly monitoring, deterring, controlling and responding to cellmate altercations and violence.

  c. Failing to establish policies and procedures that enable identification and separation of extremely intoxicated, dangerous or violent cellmates from other cellmates, detainees or arrestees.

  d. Failing to adequately train, supervise and control custodians of jail cellmates in the proper response to threats of violence.

  e. Failing to maintain video and audio surveillance of cellmate areas to insure safety of cellmates, especially those that are so intoxicated they are unable to care for themselves and present a danger to themselves or others.

  f. Failing to establish policies and procedures to reduce the risk of cellmate injury by providing for immediate response to cellmate violence or threats violence.

27. As a direct and proximate result of the foregoing, Plaintiff sustained injuries and damage as proved and as more specifically stated above.

28. As a direct and proximate result of the deliberately indifferent and wrongful conduct of defendants herein, plaintiff has suffered and continues to suffer injury, damage and loss including, but not limited to:

  a. Severe emotional distress;

  b. Impairment of earning capacity;

  c. Medical expenses, past and future;

  d. Pain and suffering;

  e. Brain damage; and

  f. Loss of enjoyment of life,

resulting in Plaintiff's economic and non-economic damage in amounts to be proven at the time of trial.

29. The wrongful acts of the individually named defendants and doe defendants, were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

30. Pursuant to 42 U.S.C. section 1988(b), Plaintiff is entitled to recover his reasonably attorney fees incurred herein.

### THIRD CAUSE OF ACTION
### FAILURE TO TRAIN AND SUPERVISE – 42 U.S.C. § 1983
### (AS TO GEO, CITY, AND DEFENDANT DOES 1-10 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY)

31. Plaintiff realleges and incorporates by reference the allegations in paragraphs above as though fully set forth herein.

32. At all times mentioned herein and prior thereto, Defendant CITY, GEO, and DOES had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of detainees, and to objectively investigate violations of said detainee's rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

33. Plaintiff is informed and believes, and thereupon alleges, that prior to the incident alleged herein, Defendants CITY, GEO, and DOES facilitated, permitted, ratified and condoned similar acts of detained on detainee assaults, and were deliberately indifferent to the health and safety of detainees in general and Plaintiff in particular. Said Defendants knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

34. As a result thereof, Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a result thereof, Plaintiff sustained the injuries and damages alleged herein.

35. The conduct of the individual Defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

36. As a direct and proximate result of the deliberately indifferent and wrongful conduct of defendants herein, plaintiff has suffered and continues to suffer injury, damage and loss including, but not limited to:
    a. Severe emotional distress;
    b. Impairment of earning capacity;
    c. Medical expenses, past and future;
    d. Pain and suffering;
    e. Brain damage; and
    f. Loss of enjoyment of life,

    resulting in Plaintiff's economic and non-economic damage in amounts to be proven at the time of trial.

37. The wrongful acts of the individually named defendants and doe defendants, were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

//
//
//
//
//
//
//
//
//
//
//
//
//

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Statutory damages;

4, Exemplary and punitive damages against each individual and doe defendant, not against the public entities, according to proof;

5. Costs of suit;

6. Attorney's fees and,

7. Such other relief as may be warranted or as is just and proper.

Respectfully submitted.

Dated: March 9, 2020

_____
CHRISTIAN F. PEREIRA
Attorneys for Plaintiff,
OSCAR GRANADOS

1 | **DEMAND FOR JURY TRIAL**

2 | Plaintiff Oscar Granados hereby requests that this action be determined by trial by jury.

Dated: April ____, 2019

_____
CHRISTIAN F. PEREIRA
SANTIAGO MARTIN
Attorneys for Plaintiff,
OSCAR GRANADOS